Ex parte Rafael Hernández Usera, Petitioner and Appellee; María del Rosario Enjuto, Intervener and Appellant.

No. 7545. Argued June 21, 1937.—Decided July 30, 1937.

*Carlos J. Torres* for appellant. *T. Bernardini de la Huerta* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Two motions have been filed praying for the dismissal of the appeal in the instant case; one by the petitioner, and the other by the district attorney.

This is a proceeding commenced under Section 107 of the Civil Code, which, as amended by the Act of April 18, 1935, (Laws, page 250), reads as follows:

"Section 107.— In all cases of divorce the minor children shall be placed under the 'patria potestas' of the party who has obtained the decree; but the other spouse shall have the right to continue family relations with his or her children, in such manner and extension as the court may determine when rendering judgment, as the case may be. 'The spouse deprived of the "patria potestas" shall have the right to recover the same by judicial decree, if there is duly accredited before any competent district court the death of the innocent spouse and the circumstance that the divorce was granted upon grounds other than those determined by paragraphs 7 and 8 of Section 96 of the Civil Code of Puerto Rico, 1930 edition, as amended by Act No. 46 of May 9, 1933, (Section 164, 1902 edition), provided that it is also shown, to the satisfaction of the court, that the recovery of the "patria potestas" by the surviving spouse is for the best interest and welfare of the child' ".

It is urged in petitioner's motion that the appeal should be dismissed because the judgment is not appealable and because the appeal is frivolous, for the following reasons:

"(a) Because the statement of the case, opinion, and judgment transcribed in this motion, do not reveal any conflict in the evidence that might be adjusted on appeal.

"(b) Because the questions of law raised by the intervener before the court *a quo* and determined by the judgment, have already

been settled by this Honorable Supreme Court adversely to the contentions of said intervener, in *Enjuto* v. *People,* 49 P.R.R. 13 and *Enjuto* v. *District Court,* 49 P.R.R. 358; and there is no need of any further argument therein.

"(c) Because the question of law concerning the retroactive operation of the Act the basis of the judgment, which question was raised by the intervener and decided by the court in the order appealed from, does not need any further determination, either, since it is evident from the very language of Act No. 44 of April 18, 1935, creating the right of your petitioner to the recovery of the *patria potestas.*

"(d) Because, furthermore, it appears from the foregoing that the intervener and appellant, by her appeal, only seeks to delay the proceedings in the instant case, well knowing that her interest in this matter, wh°ch she invoked in order to intervene, has ceased to exist, a question which was determined by this Honorable Court when it definitely established the incapacity of the intervener to act as tutrix, as appears from the cited cases of *Enjuto* v. *People* and *Enjuto* v. *District Court, supra.* Therefore, the question on which this appeal might depend is so unsubstantial that it does not require any further determination".

To the district attorney's motion there were attached certified copies of the statement of the case and opinion, of the judgment, and of the notice of appeal. The motion is based on the grounds that the judgment is not appealable, that the notice of appeal was not served on the prosecuting attorney nor on the appointed guardian of the minor, and that the appeal is frivolous.

The intervener filed two writings in opposition to both motions.

In attacking the petitioner's motion, she maintains that, although it is true that there is no conflicting evidence, she will rely for her appeal on the failure to weigh uncontradicted evidence establishing essential facts alleged by the intervener; on the ground that it is not true that the questions of law raised have already been decided by this Court, and on the additional ground that the question of the retroactive operation of the amendment to Section 107 of the

Civil Code is not frivolous because there is involved the loss by the son of the usufruct of his property, and because the Act does not say expressly that it shall have retroactive effect, the rule being in such a case that it does not have such effect. She specifies some of the questions involved, as follows:

(1) Lack of extra—territorial power on the part of the People of Puerto Rico over persons outside of its territory, Section 1 of the Organic Act and Sections 3 and 4 of the Political Code; (2) lack of power of the People of Puerto Rico to govern the person of a minor who is outside of its territory, said minor having been born in Spain, where his mother and legal guardian were both domiciled and where the minor is still residing, Sections 3, 4 and 11 of the Political Code, 13 Cal. Jur. 147; (3) lack of power in the district court to appoint a guardian (*tutor dativo*) for a minor who was born and has always been domiciled in Spain; (4) present capacity of Miss Enjuto to act as guardian, since by her having acquired residence in this island, the incapacity referred to in the decision of this Court in *Enjuto* v. *District Court,* 49 P.R.R. 358 has ceased to exist; (5) ineffectiveness of the judgment of the district court with respect to the custody of a non-resident minor, because of its lack of coercive extra—territorial force, the minor residing as he does reside, in Spain where the will executed by his mother, appointing Miss Enjuto tutrix and sole legal guardian of her minor son, remains in full force; (6) the remarriage of petitioner, Section 164 Civil Code, as amended in 1931 (Laws, p. 576); (7) lack of service of process on the minor, who is over fourteen years of age; (8) that there is not involved the determination of real rights, but of personal rights; and (9) lack of due process of law.

And in answer to the district attorney's motion, she maintains that it should be denied, because the district attorney is not the representative of The People of Puerto Rico in

the proceeding; because the judgment rendered is appealable; because the notice of appeal did not have to be served on the prosecuting attorney nor on the appointed guardian, who are not adverse parties to the proceeding, and because the appeal is not frivolous.

This was the question of dismissal of the appeal submitted to our consideration and decision last June 21.

We have before us in a duly authenticated form only the copies of the statement of the case and opinion, of the judgment, and of the notice of appeal. By the first, it is shown that the case was begun by Rafael Hernández Usera, alleging his marriage to Mercedes González Garriga, the birth of his son, the minor Rafael, the divorse sought by his wife and decreed by the court because of cruel treatment and grave injuries, the boy remaining under the care and *patria potestas* of the mother, her death in Spain, and his right to recover the *patria potestas,* based on the 1935 amendment to Section 107 of the Civil Code, and setting forth as further grounds for a favorable decision, that the minor is the owner of a large estate, that his son has reached the age when his education should be consolidated, and nothing could be better for his welfare than to be with his father, who has always maintained affectionate relations with him and is a serious and well reputed person who has occupied and is occupying important public offices.

It is further declared in the statement of the case and opinion, that María del Rosario Enjuto filed, by leave of court, a complaint in intervention opposing the granting of the relief sought by the petitioner; that the latter answered; that a hearing was held at the end of which the intervener filed a writing raising several questions of law; that the dative tutor answered stating that, in general, he did not oppose the complaint in intervention, for he considered it a question of law entrusted to the determination of the court; that the prosecuting attorney appeared at the hearing as the

case affected a minor, and stated that he did not oppose the petition; that the petitioner and the intervener introduced evidence. at the hearing; and the oral evidence was summarized.

The court then proceeded to make its finding of facts and to consider and decide the questions of law raised by the intervener. The opinion concluded thus:

"By reason of all the foregoing, and considering specially that the controlling factor in the exercise of the power of *parens patria* by the courts is the welfare of the child, the court reaches the conclusion that the recovery by the surviving spouse, Rafael Hernández Usera, of the *patria potestas* over his son, Rafael José Edmundo Hernández González, is for the best interest and welfare on the aforementioned minor. Therefore, judgment must be rendered in favor of the petitioner Rafael Hernández Usera, with costs upon the intervener, in accordance with the provisions of Act No. 69 of 1936, but without including attorney's fees".

Judgment was rendered accordingly on May 3, 1937, and the notice of appeal was filed on the first day of the following June, together with proof of service thereof on the attorney for the petitioner.

Is the judgment appealable?

The amended Section itself does not expressly provide as to this. It forms part of chapter V, which deals specially with the "effects of divorce", in the Title devoted by the Civil Code to its regulation.

In order that the case covered by the second paragraph may arise, that is, in order that the relief sought by the petitioner herein may be granted, it is required that a judgment decreeing the divorce should have been previously rendered. And the general statute establishing the right of appeal in civil actions, which is the Code of. Civil Procedure of Puerto Rico, prescribes in subdivision 3 of Section 295, that an appeal may be taken "from any special order made after final judgment". With a greater scope, said Section provides

in its first suddivision, that an appeal may be taken from a "final judgment in an action or proceeding".

Whether the judgment which finally and over the objection of the intervener held that the petitioner should recover the *patria potestas* he had lost by virtue of the divorce decree be regarded as a final judgment in a proceeding or as a special order made after final judgment, in our opinion, it is appealable. *Garzot* v. *Garzot; National City Bank, int.* 49 P.R.R. 339.

In support of his contention that the judgment is not appealable, the petitioner maintains that there is involved the adoption of a measure which is left entirely to the discretion of the trial court, and that appellate courts do not interfere in such cases. He cites 2 R.C.L. 211 and 4 C.J. 796, as authorities.

We have read what those citations say and, in our opinion, they do not support the petitioner's contention. They form part of the articles on Appeal and Error appearing in both works, and what they set forth in the well-known rule that in the absence of a clear abuse of discretion, matters within the discretion of the trial court are not reviewable on appeal. That does not mean that an appeal does not exist. It means that within an appeal, as so frequently happens, where a discretionary matter is involved, the original holding will be affirmed unless a clear abuse of power on the part of the court be shown.

In *Mahone* v. *William*, 39 Ala. 202, 212, which is one of the cases cited by Corpus Juris, it was held:

"Many acts, done under discretionary powers, are revisable. Thus, decrees in suits for specific performance, and decrees fixing the amount of temporary alimony, are revisable, notwithstanding they are referred to a discretionary authority . . . . But, as a general, if not universal rule, that discretionary authority, which a court, having original cognizance of a cause, exercises over the questions arising during its progress, and pertaining to its conduct, is not revisable. Examples of such question occur in applications for

continuances, filing pleas, amendments of pleadings, extensions of time to answer interrogatories, changes of venue, new trial, etc.'' 4 C. J. 797.

And in the very same invoked text of Ruling Case law, it is said:

"Discretion, in this sense, means the court's power to decide the particular matter before it according to its sense of justice and fitness, a power which, however, can only be exercised in accordance with the law, or with equitable principles, as the case may be. When the trial judge does not keep within the limits of his power in this respect, he does not exercise a judicial discretion and his action is subject to reversal by the appellate court. In any event it will be seen that the appellate court must review the action of the court below to see whether it has exercised a judicial discretion, and if it finds that discretion, as above defined, has not been exercised, as where the action was arbitrary, or, to use the more familiar statement, if it finds that there has been a clear abuse of discretion, it will not hesitate to reverse". 2 R. C. L. 212.

■ We do not think that is was necessary to serve the notice of appeal on the prosecuting attorney. Nothing is expressly required on this point by the statute; and the fact that the prosecuting attorney may be called to intervene in this kind of proceedings is no ground for the inference that he is a necessary party thereto. In a divorce suit wherein a dismissal of the appeal was sought on the ground that the notice of appeal was not served on the prosecuting attorney, this Court held that such dismissal did not lie. *Arce v. Lebis*, 48 P.R.R. 391. The proceeding herein is one to modify a judgment entered in a divorce suit by reason of a subsequent event that may give rise thereto in accordance with the law. If the prosecuting attorney was not a necessary party when the petitioner was deprived of the *patria potestas*, there is no reason why he should be one, when the same was restored to the latter.

■ Nor are we convinced that the dative tutor, by reason of his attitude as shown by the only document sent up to this Court, is an adverse party on whom the notice of appeal

should have been served in order to give jurisdiction to this court.

■ The jurisdictional questions having been disposed of, it only remains to be considered whether the appeal is frivolous or not.

The intervener and appellant admits that there was no conflicting evidence to weigh. Her complaint, which is fully transcribed in the statement of the case and opinion, is as follows:

"Now comes María Rosario Enjuto through her undersigned attorney and files this amended complaint in intervention which is based on the following facts:

"1.—That Mercedes González Garriga, who was a resident of the city of Madrid, Spain, married the petitioner herein, Rafael Hernández Usera, about the year 1919 in the city of Guayama, Puerto Rico, and according to the intervener's information and belief, such marriage was recorded in the Civil Registry of said city.

"2.—That out of the marriage of Mercedes González Garriga and the petitioner, Rafael Hernández Usera, there was born only one son, named Rafael Hernández González, who is at present two months under fourteen years of age, and resides in the city of Madrid, Spain, under the care, custody, and protection of this intervener as tutrix of said minor.

"3.—That according to this intervener's information and belief, about the month of October, 1926, Mercedes González Garriga brought in the District Court for the Judicial District of Ponce, Puerto Rico, a divorce suit against the petitioner Rafael Hernández Usera, on the ground of cruelty, and the aforesaid District Court of Ponce, Puerto Rico, in the month of October of the year 1926, rendered judgment for the plaintiff, decreeing the dissolution of the matrimonial ties existing between said Mercedes González Garriga and the petitioner, and directing that the minor Rafael Hernández González, born out of said marriage, should be placed under the *patria potestas* of his mother, Mercedes González Garriga.

"4.—That on or about October 12, 1934, Mercedes González Garriga executed a will in the city of Madrid, Spain, before Notary Alejandro Arizcum Moreno, and in said will she designated her minor son Rafael Hernández González as her sole and universal heir in all her property, and appointed the intervener herein as guardian of

said minor with all the powers accorded by law and relieving her from the giving of any bond.

"5.—That by the fourth clause of the said will, the testatrix directed that neither the petitioner Rafael Hernández Usera, nor any of the relatives of said petitioner should form part of the tutelar body, guardianship or representation of the person or property of the minor Rafael Hernández González; and by the fifth clause of the said will, the testatrix provided that her mentioned minor child should live and be educated in the Republic of Spain, in compliance with the laws governing and regulating tutorship in the said Republic, and under the care and custody of the intervener as tutrix of the said minor.

"6.—That Mercedes González Garriga, the mother of the minor Rafael Hernández González, died in the city of Madrid, Spain, on October 17, 1934, and since the date of the death of Mrs. González Garriga, the intervener started in the exercise of the tutorship for which she was appointed, took charge of the custody and care of the minor Rafael Hernández González as his tutrix, and has him at present under her custody and care in the city of Madrid, Spain, where the said minor continues his studies.

"7.—That Rafael Hernández Usera has presented a petition in this court, which has been filed in the civil docket thereof under number 11006, alleging, among other facts, that according to the provisions of Act No. 44 of April 18, 1935, he is entitled to recover the *patria potestas* over his minor son Rafael Hernández González; that the said minor owns numerous properties, the greater part of which forms part of the agricultural industrial partnership 'Sucs. of José González & Co. S. en C.' and amounting to $162,000; that the said minor is in the age of receiving his education under the direction of a person capable of protecting his interests, and that by reasons of affection, direct family ties, etc., such direction and care of the minor should be untrusted to the petitioner for he is the father of said minor; and the intervener alleges that Act No. 44 approved on April 18, 1935, which the petitioner invokes, is of no application to a case like this, nor does it grant said petitioner any right whatsoever to recover the 'patria potestas' of the minor Rafael Hernández González, inasmuch as such act can by no means have retroactive effect, and that, furthermore, it would prejudice the rights acquired and exercised by the deceased Mercedes González Garriga under previous laws, such as the right to designate a testamentary tutor for her minor son Rafael Hernández González,

which right the mentioned Mercedes González Garriga exercised in favor of this intervener, as she expressly prohibited in her will that neither the petitioner nor any of his relatives could form part of the tutelar body, guardianship, or representation of the person of the minor and that if the petitioner is granted the right he claims, it would be to thwart the manifest wishes of the testatrix inasmuch as the intention of the testatrix Mercedes González Garriga is the supreme law as far as the guardianship of her minor son and the administration of his property is concerned.

"8.—And the intervener alleges that Rafael Hernández Usera filed in the District Court of San Juan prior to his petition to recover the *patria potestas*, a petition for a declaratory judgment in civil action number 22,346, praying that his right to recover the *patria potestas* over his minor son Rafael Hernández González be declared on the basis of the existing laws at the time of the petition referred to, such petition was denied by a judgment of the aforesaid District Court of San Juan, a copy of which has been attached to the record of this case and is made a part of this amended complaint.

"9.—That the *patria potestas* requested by Rafael Hernández Usera, the petitioner herein, would place the administration of the property of the minor Rafael Hernández González at the authority and discretion of the petitioner, and would deprive said minor from the usufruct of said property, which, in conformity with the law, would belong to said petitioner upon his being awarded the *patria potestas*, and the total amount of which would reasonably reach a sum exceeding $70,000 during the time necessary for the minor to become of age.

"10.—That the minor Rafael Hernández González has been left out of the *patria potestas* of his mother on account of her death, and the petitioner Rafael Hernández Usera is precluded from requesting to be reinstated in the *patria potestas* of the aforementioned minor, because he lost such *patria potestas* forever upon the rendition of an adverse judgment in the divorce suit prosecuted by his ex-wife, the deceased Mercedes González Garriga, against the aforesaid petitioner, and is precluded from requesting the recovery of said *patria potestas*, nor can he avail himself of Act No. 44 of April 18, 1935, in order to claim that right.

"11.—And the intervener further alleges that the judgment rendered by the District Court of San Juan in the ex-parte civil action number 22,346, interposed by Rafael Hernández Usera, peti-

tioner, for a declaratory judgment, is final on the date of this complaint in intervention and on the date of the interposition of the petition in the case entitled above, and amounts to *res judicata* as to the fact that the minor Rafael Hernández González is an interested party in the petition of Rafael Hernández Usera to recover the *patria potestas,* and, notwithstanding, he was not summoned in that proceeding nor in the one now instituted by the said Rafael Hernández Usera.

"12.—And the intervener alleges, lastly, that this court lacks jurisdiction to grant the petitioner Rafael Hernández Usera, his right to recover the *patria potestas* lost, because the only prejudiced person would be the minor Rafael Hernández González, who has not been served in any legal way whatever, with the petition filed in the instant case, nor has said minor appeared in any manner whatsoever before this Court nor before any of the courts of the Island; and furthermore, because the said minor is under the guardianship and custody of the intervener as testamentary tutrix of the mentioned minor, against whom no valid proceeding has been brought in relation with the exercise of her tutorship.

"FOR THE REASONS STATED, and in view of this amended complaint in intervention and of the evidence that the intervener may produce in support thereof at the proper time, she prays the Honorable Court to sustain this complaint in intervention and dismiss the petition of Rafael Hernández Usera for the recovery of the *patria potestas* of the minor Rafael Hernández González, imposing the costs, disbursements and attorney's fees upon the petitioner".

On the assumption that everything alleged by the intervener is true, we think that her contention is so clearly erroneous in insisting that the father be denied the recovery of the *patria potestas,* that it would be unjust to entertain the appeal when the merits thereof have been attacked by the petitioner through the motion to dismiss, set forth and fully defended by the intervener, and studied and closely examined by us. The hearing of the appeal on its merits was in fact anticipated.

Did the Court act without jurisdiction by reason of the failure to summon the minor? We think that it did not, and in support or our negative answer, we shall transcribe the

very same reasons had and stated by the trial judge himself. They are:

"The first question, which is contained in the 8th, 9th, 11th and 12th averments of the 'Complaint in Intervention', is that the minor Rafael Hernández Gonzalez is an interested party in this proceeding, is outside of Puerto Rico, has not been summoned, nor has appeared in any way, and that, for such reasons, this Court has not acquired jurisdiction over the person of the aforesaid minor.

"Act No. 44 of April 18, 1935, which we have already transcribed, determines the procedure to be followed in order to recover the *patria potestas*. It is the following:

" 'There is duly accredited *before any competent district court* the death of the innocent spouse and the circumstances that the divorce was granted upon grounds other than those determined by paragraphs 7 and 8 of Section 96 of the Civil Code of Puerto Rico, as amended by Act No. 46, of May 9, 1933; it is also shown, to the satisfaction of the court, that the recovery of the *patria potestas* by the surviving spouse is for the best interest and welfare of the child, and the court issues a judicial decree of recovery of the *patria potestas*'.

"The procedure established by said Act is merely that of an ex-parte proceeding and it is carried out between the action of the spouse deprived of the *patria potestas* and the sound discretion of the court, after taking into consideration the evidence relating to the statutory requirements.

"The instant case became a contested one because María del Rosario Enjuto intervened herein claiming her rights to the testamentary tutorship of the minor Hernández González: Tutorship v. 'Patria Potestas'.

"The minor Hernández González is the object of the judicial contest, but he is in no sense an interested or necessary party to the proceeding, just as he was not an interested or necessary party to the divorce suit wherein one of his parents was deprived of his *patria potestas*.

"Nor is a minor a party to a judicial proceeding for the establishment of his tutorship.

"This kind of proceedings is not subject to the adverse or favorable will of the minor, but to the protective action of the court in the exercise of duties and rights of the 'Parens Patriae'.

"There is no importance in the allegation that upon Rafael Hernández Usera recovering the *patria potestas* over his minor son, the

later would lose the usufruct of his property, which would pass to the petitioner. And there is no importance in such allegation, we repeat, because according to the learned jurist Sánchez Román, 'the contents of the "patria potestas" is an aggregate of rights and duties of the parents with respect to the children and of the latter with respect to the parents'. And the usufruct which parents have in the property of the children under their *patria potestas* is correlative to the duty which the parents have to support them, educate them, etc., and constitutes an allowance provided by law so that the parents may attend to those necessities created by their duties to their children. If upon losing the 'patria potestas' by the divorce judgment, Hernández Usera also lost the usufruct inherent thereto, it is logical that, upon recovering it, he should automatically recover the usufruct, the intervention of the minor not being necessary in the latter proceeding, as it was not necessary in the divorce suit.

''The plea to the jurisdiction of this Court over the person of the minor is, hence, absolutely groundless''.

■■ Is the act as it was amended in 1935 applicable to the petitioner's case? We think so, and in support of our affirmative answer, we shall also transcribe the very same reasons of the trial court such as they appear in its statement of the case and opinion. They were:

''It is clearly stated by a single reading of the aforesaid act that that the same has retroactive effect. The second paragraph of the Act begins thus:

'' 'The spouse *deprived* of the *patria potestas* shall have the right to recover the same by judicial decree, etc.'

''The past participle (deprived) clearly refers to facts which have taken place prior to the approval of said Act.''

All the repeated attacks of the intervener against the motions to dismiss relating to lack of jurisdiction of the court with respect to the minor and lack of power to regulate his custody, which attacks have been argued from every imaginable angle, fail utterly before the fact that there is here involved a marriage of Puerto Rico, and a Puerto Rican minor who, although residing abroad, is subject to the laws

of Puerto Rico, which are binding upon him, as Section 9 of the Civil Code finally prescribes, to wit:

"Section 9.—The laws relating to family rights and obligations, or to the status, condition and legal capacity of persons, shall be binding upon the citizens of Porto Rico, although they reside in a foreign country."

And the 1935 amendment to Section 107 of the Civil Code is a binding law upon the minor.

As to the status of the intervener it can only be said that it is *res adjudicata* by the Supreme Court. In *Enjuto* v. *District Court,* 49 P.R.R. 358, this Court considered the same fully and decided that her appointment as tutritx of the minor herein involved made by the mother of the child in her will, was not valid.

It is argued that the cause which rendered such appointment null and void has disappeared, for the tutrix now resides in Puerto Rico. We are not convinced by the argument, but even though the intervener were right at that, we would always have that at the time she acquired her residence and could have discharged her office, the amended Section 107 of the Civil Code was already in force, providing that in cases of divorce the spouse deprived of the *"patria potestas"* can recover the same at the death of the spouse to whom it was awarded.

As regards to the opinion of the trial court concerning the fact that in this case the recovery of the *"patria potestas"* by the surviving spouse is for the best interest and welfare of the child, it is not attacked, and we should presume that the court made good use of its discretion in weighing the evidence and all the attendant circumstances of the case before deciding the question in the affirmative.

By virtue of the foregoing, the appeal must be dismissed as frivolous, and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.